DIEGO AGÜEROS & Co., LTD., Plaintiff and Appellee, *v.* JOSÉ NAVARRETE ET AL., Defendants and Appellants.

No. 4257. Argued February 24, 1928.—Decided March 6, 1928.

*José S. Alegría* for the appellants.  *F. Soto Gras* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Section 1, section 2 in part, and section 3 of an Act to provide for the trial of the right to real and personal property, approved on March 14, 1907, read as follows:

"Sec. 1.—That whenever any marshal or other lawful officer shall levy a writ of execution, attachment or other like writ upon any movable property, and such property, or any part thereof, shall be claimed by any person who is not a party to such writ, such person or his agent or attorney may make oath in writing before any officer

authorized to administer oaths that such claim is made in good faith, and present such oath to the officer who made such levy..

"Sec. 2.—The claimant shall also execute and deliver to the officer who made such levy his bond, with two or more good and sufficient sureties, to be approved by such officer, payable to the plaintiff in such writ, for an amount equal to double the value of the property so claimed, to be assessed by such officer:"

\*        \*        \*        \*        \*        \*        \*

"Section 3.—The bond shall be conditioned that the party making such claim, in case he fails to establish his right to such property, shall return the same to the officer making the levy, or his successor, in as good condition as he received it, and shall also pay the reasonable value of the use, hire, increase and fruits thereof from the date of said bond, or in case he fails so to return said property, and pay for the use, hire, increase and fruits of the same, he shall pay the plaintiff the value of said property, with legal interest thereon from the date of the bond, and shall also pay all damages and costs that may be awarded against him."

Defendants appeal from a judgment rendered in an action brought upon a bond conditioned in accordance with the requirements of section 3, and couched in the phraseology prescribed by a subsequent section of the said act.

The first ground of appeal is that the court below erred in overruling a demurrer to the complaint for want of facts sufficient to constitute a cause of action, but there is no reference in any part of the brief to any page or portion of the record to show that such demurrer was at any time submitted to the court below or considered by it. In the circumstances the question involved may be regarded as raised for the first time on appeal.

The proposition submitted under the first assignment is that the complaint does not show non-payment of the judgment rendered in the original action. The complaint contains an averment to the effect that the original action culminated in a judgment against Juan Llorens, defendant therein, in the sum of five hundred dollars, principal, and interest thereon at the rate of 12 percent per annum from July 1st, 1921. In a subsequent paragraph, plaintiff further

alleges that "defendants" had not paid either "the capital or the interest" already mentioned. The evidence adduced at the trial tended to show that the judgment obtained in the original action had never been satisfied. The testimony for plaintiff was rather vague and uncertain in its bearing upon this point, but it was not subjected to the test of cross-examination and stands uncontradicted and unchallenged upon the record. Plaintiff would have had little reason to complain of an adverse ruling upon a demurrer for want of facts sufficient to constitute a cause of action if defendant had insisted upon a decision of that question in the court below. Obviously, however, an amendment would have been permitted and promptly made if such a demurrer had been submitted for decision and sustained by the district court. It follows that, the omission having been supplied by the evidence, the pleading should be deemed on appeal to have been amended accordingly. *People* v. *Heirs of Valdés*, 31 P.R.R. 213.

Another contention is that the court below erred in refusing to postpone the trial.

When the case was called the attorney for defendants moved for a postponement upon the ground that counsel had just been informed of the serious illness of one of the defendants, José Navarrete, claimant of the property attached in the original action, who was said to be suffering from fever, with a temperature of 40 degrees superinduced by an attack of filaria. Counsel offered to present immediately a medical certificate and stated that the testimony of the absent defendant was indispensable, and that the presence of the said Navarrete was also necessary for the further reason that he was best informed as to the facts alleged in the answer and that he was the only person really in possession of those facts.

A request for a recess for the purpose of permitting counsel to prepare and file a motion and affidavit in accord-

ance with the provisions of section 202 of the Code of Civil Procedure would have been somewhat more to the point. The record, however, recites that the motion was argued, and it is safe to assume that the memory of the trial judge was refreshed as to details in the history of the present controversy. The only affirmative averment of the answer was in substance that Juan Llorens had abandoned the motor vehicle in question at the fair grounds near the insular highway in a disabled condition without lamps and without magneto; that José García, designated as custodian by plaintiff in the original action, towed the vehicle to the back door of the building occupied by Alvarez Bros., and left it there exposed to the weather; that José Navarrete, after filing his claim of ownership, towed the machine to another garage and paid the storage thereon at the rate of $8 per month up to the date of delivery to the marshal; that the said Navarrete, as a precautionary measure and for purposes of conservation, removed the tires and demountable rims and took them home for safe-keeping; that following the adverse decision of the court below as to the claim of ownership, Navarrete endeavored to deliver the property in question to plaintiff, Diego Agüeros & Co. S. en C., who declined to receive it, and stated that only the payment of such judgment as the court might render would be accepted; that Navarrete thereupon and within the time prescribed by law, delivered the omnibus in question to the marshal of the district court at the spot where delivery thereof had been made to claimant; and that the property in controversy was not worth $800 at the time of the attachment. The answer also contained certain denials of a number of facts alleged in the complaint. The main issue of fact developed by the pleadings appears to be as to whether or not Navarrete returned the vehicle in question to the custody of the marshal in as good condition as it was when delivered to the claimant.

All things considered, we are unable to say that the court

below abused its discretion in declining to accept the bald statement of counsel that the testimony and presence of Navarrete at the trial were indispensable, when coupled, as it was, with the further assertion that Navarrete was the only witness available as to the facts stated in the answer.

Other matters discussed in the brief for appellants and not already disposed of by the introductory statement as to the statutory provisions and as to the character of the bond involved herein, do not demand serious consideration.

The judgment appealed from must be affirmed.